IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,128

STATE OF KANSAS,
*Appellee*,

v.

TRACIE MILES,
*Appellant*.

SYLLABUS BY THE COURT

A criminal defendant is not entitled to withdraw pleas of no contest after sentencing for manifest injustice, when the deficiency in counsel's performance she alleges was fully corrected by the court before the pleas were entered.

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed November 26, 2014. Affirmed.

*Lydia Krebs*, of Kansas Appellate Defender Office, was on the brief for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

BEIER, J.:  This is a direct appeal from denial of appellant Tracie Miles' postsentencing motion to withdraw her pleas of no contest to premeditated first-degree murder, aggravated robbery, and forgery. Miles was sentenced to life in prison, with no parole eligibility for 25 years, followed by consecutive 51-month and 9-month sentences.

1

Miles argued that she should be permitted to withdraw her pleas, on the basis of the motion filed nearly 11 years after sentencing, because her lawyer told her she had no chance of acquittal and would receive the death penalty or a hard 40 life sentence if she exercised her right to jury trial. Miles also alleged that she did not understand the length of the prison sentence to which she could be subject if she entered the pleas.

The district judge conducted an evidentiary hearing on the motion to withdraw pleas, at which Miles testified that she did not learn until after her pleas were entered that the State had never filed a capital murder charge against her. The judge denied the motion. Miles argues on this appeal that the district judge abused her discretion.

A motion to withdraw plea filed after sentencing is subject to a manifest injustice standard. K.S.A. 2013 Supp. 22-3210(d)(2). An appellate court does not reverse a district judge's ruling on such a motion absent an abuse of discretion. See *State v. Szczygiel*, 294 Kan. 642, 643, 279 P.3d 700 (2012); *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 (2011). We may conclude there has been an abuse of discretion on one or more of three bases:  (1) the judicial action is arbitrary, fanciful, or unreasonable, *i.e.*, no reasonable person would have taken the view adopted by the trial court; (2) the judicial action is based on an error of law, *i.e.*, the discretion is guided by an erroneous legal conclusion; or (3) the judicial action is based on an error of fact, *i.e.*, substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. See *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011), *cert. denied* 132 S. Ct. 1594 (2012). Further, a defendant's proof of prejudicial ineffective assistance of counsel may contribute to a conclusion that manifest injustice occurred. See *State v. Green*, 283 Kan. 531, 545-46, 153 P.3d 1216 (2007); *State v. Edgar*, 281 Kan. 30, 38, 127 P.3d 986 (2006).

2

The transcript of Miles' plea hearing persuades us that Miles is not entitled to relief on appeal.

The transcript demonstrates that the district judge who accepted Miles' pleas first engaged in a long colloquy with Miles, including recitation and confirmation of the results of plea negotiations entered into with the State and a verbatim review of the contents of a written plea agreement. This colloquy fully informed Miles of the outstanding charges and the possible sentences. Miles expressed on the record that she understood all of this information, including that the State had dismissed four other charges and had agreed not to seek a hard 40 sentence and would stand mute on the subject of sentence altogether.

In short, even if Miles' attorney had previously misinformed or failed to fully inform Miles of the charges and possible penalties, any prejudice from that error was eliminated by the judge's thoroughness at the plea hearing.

The district judge did not abuse her discretion in refusing to allow Miles to withdraw her pleas because of manifest injustice.

The district court decision is affirmed.

MICHAEL J. MALONE, Senior Judge, assigned.[1]

---

[1]**REPORTER'S NOTE:** Senior Judge Malone was appointed to hear case No. 110,128 to fill the vacancy on the court created by the appointment of Justice Nancy Moritz to the United States 10th Circuit Court of Appeals.