NOT DESIGNATED FOR PUBLICATION

No. 111,686

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEROY BRIGGS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Wyandotte District Court; J. DEXTER BURDETTE, judge. Opinion filed January 15, 2016. Affirmed in part, vacated in part, and remanded with directions.

*Korey A. Kaul*, of Kansas Appellate Defender Office, for appellant.

*Alan T. Fogleman*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MCANANY, P.J., POWELL, J., and DAVID J. KING, District Judge, assigned.

*Per Curiam*:  Leroy Briggs appeals his conviction and sentence for aggravated battery. Briggs claims the district court erred in (1) denying his presentencing motion to withdraw his guilty plea, and (2) classifying his 1982 juvenile burglary adjudication as a person felony for criminal history purposes. We affirm Briggs' conviction but vacate his sentence and remand for resentencing.

As she was waiting to enter onto I-70 from the 3rd Street entrance ramp in Kansas City, Kansas, another car struck Veronica Thomas' car from behind. The driver of the

other vehicle then pulled alongside Thomas' vehicle, and went ahead and entered the highway. Thomas later identified the driver of the other vehicle as Briggs.

Thomas followed Briggs onto the highway and contacted the 911 dispatcher to report what had happened. Briggs exited I-70 at the 7th Street exit, and Thomas followed. Thomas was able to read the license tag of Briggs' vehicle and pulled over to the side of the road to provide this information to the 911 dispatcher and await the police. In the meantime, Briggs made a U-turn and drove back toward Thomas' vehicle. Thomas heard the screeching of tires and looked up just in time to see Briggs crash his vehicle into the front of her car. Briggs then backed up and drove away.

Thomas was injured in the second collision and was transported to the University of Kansas Medical Center for treatment. She sustained injuries to her head, spine, pelvis, and foot.

Briggs did not own the vehicle he was driving. It was reported stolen from 4th and State Avenue shortly before the series of incidents with Thomas and her vehicle.

Originally, the State charged Briggs with severity level 7 aggravated battery and misdemeanor theft. After the preliminary hearing, the State filed an amended information charging Briggs with severity level 4 aggravated battery, leaving the scene of an accident involving personal injury or death, criminal damage to property, and felony theft.

Ultimately, Briggs and the State entered a plea agreement. Pursuant to the plea agreement, Briggs agreed to plead guilty to severity level 4 aggravated battery. The State agreed to dismissal of the remaining charges in the amended information and to dismissal of all the charges against Briggs in another criminal case. The district court conducted a plea hearing and accepted Briggs' guilty plea.

Before sentencing, Briggs learned that his presentence investigation report (PSI) classified his criminal history as A, based in part on its classification of a 1982 juvenile burglary adjudication as a person felony. Briggs filed a motion to withdraw his guilty plea and an objection to his criminal history score. In support of his motion to withdraw his plea, Briggs alleged that the factual basis for the plea was inadequate, that he had not been informed of the obligation to register as a violent offender, and that his decision to enter a plea was based on his attorney's erroneous representation about the incriminating nature of video evidence the State possessed.

The district court conducted an evidentiary hearing on Briggs' motion to withdraw his plea. At the hearing, Briggs' evidence was limited to his claim regarding what his attorney told him about the State's video evidence. The district court denied Briggs' motion to withdraw his plea. The district court sentenced Briggs, using the PSI criminal history score of A, to 162 months in prison, 36 months' postrelease supervision, and restitution. Briggs appealed.

*Withdrawal of plea before sentencing*

A district court, in its discretion, may permit a criminal defendant to withdraw a guilty plea before sentencing for good cause. K.S.A. 2014 Supp. 22-3210(d). Appellate review of a challenge to the district court's ruling is limited to determining whether the district court abused its discretion. See *State v. Plotner*, 290 Kan. 774, 777, 235 P.3d 417 (2010). Judicial discretion is abused when the court's decision goes outside the applicable legal framework, is based on factual findings that are unsupported by the record, or is otherwise so arbitrary, fanciful, or unreasonable that no reasonable person would have adopted the position of the court. *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). The party claiming an abuse of judicial discretion bears the burden of establishing the abuse. *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

3

In considering a request to withdraw a plea, a court must consider whether the defendant was represented by competent counsel, whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of, whether the plea was fairly and understandingly made, and any other considerations raised by the defendant to justify his or her withdrawal. See *State v. Aguilar*, 290 Kan. 506, 511-13, 231 P.3d 563 (2010). The factors a court considers do not vary based upon the timing of the request to withdraw a plea, but the defendant's burden of persuasion changes when the request is made after sentencing. Prior to sentencing, a criminal defendant must establish good cause, which is a less stringent standard than the manifest injustice standard required when the request to withdraw a plea is made after sentencing. *State v. Macias-Medina*, 293 Kan. 833, 836-37, 268 P.3d 1201 (2012) (citing *Aguilar*, 290 Kan. at 512).

Briggs claims that his plea was not fairly and understandingly made for two reasons. First, his trial counsel misrepresented the incriminating nature of the video recording, which affected his assessment of the State's case against him. Second, Briggs was operating under a mistaken belief that he possessed a criminal history score of E rather than A.

*Video evidence*

At the hearing on the motion to withdraw his plea, Briggs testified that his trial counsel had advised him that she had reviewed the State's video evidence and that it showed Briggs committing some crimes. Briggs testified that he viewed the video recordings after he entered his plea and disagreed that they showed him committing any crimes. Briggs' attorney was not allowed to testify at the hearing by the district court because Briggs refused to waive his attorney-client privilege. This is contrary to K.S.A. 2014 Supp. 60-426(b)(3), however, the State did not challenge this error by filing a cross-appeal.

4

In denying Briggs' motion to withdraw his plea, the district court stated it relied on: (1) the evidence presented at the hearing on the motion to withdraw the plea, (2) the other evidence in the case, which would include evidence presented at the preliminary hearing, (3) the information in the plea petition, and (4) the colloquy between the defendant, counsel, and the court upon the taking and acceptance of Briggs' plea.

The district court made the following findings:

> "I can find no fault with the petition to enter a plea of guilty. I can find no legal substance. I can find no factual substance to defendant's petition to withdraw his plea. The long and the short of it is he's proven nothing to this Court that would endanger the guilty plea that he presented to the court. . . . He had an opportunity to tell the Court if there was a problem with counsel or problem with the evidence or problem with bad advice. He didn't. There's no merit to the motion and the same will be denied."

Although not explicitly stated, it is obvious the district court did not believe Briggs' testimony denying the incriminating character of the State's video evidence. By failing to include the video evidence as part of the record in this case, Briggs has failed to designate a record demonstrating that the district court's assessment of the case constituted an abuse of discretion. See *State v. Bridges,* 297 Kan. 989, 1001, 306 P.3d 244 (2013).

*Mutual mistake as to criminal history*

Briggs contends he should have been allowed to withdraw his plea because of a mutual mistake concerning his criminal history score. A mutual mistake about the applicable criminal history at the time of the plea negotiations and the plea hearing is not an automatic basis for withdrawing a plea. See S*tate v. Schow*, 287 Kan. 529, 546, 197 P.3d 825 (2008). Rather, the defendant must demonstrate how the mutual mistake undermined the knowing and voluntary nature of the plea. Briggs cannot carry this

5

burden when the issue was never presented to the district court as a reason to withdraw his plea. See *State v. Lackey*, 45 Kan. App. 2d 257, 268-71, 246 P.3d 998, *rev. denied* 292 Kan. 968 (2011).

Briggs could not have reasonably relied on the mistaken criminal history score in entering his plea. His plea petition makes no mention of a presumed criminal history. At the plea hearing, the district court specifically advised him that he could receive a sentence up to a maximum of 172 months. This possible sentence was not dependent on the mistaken criminal history but contemplated a possible sentence based on a criminal history score of A. Briggs never claimed that he relied on a presumed criminal history in deciding to enter his plea. Upon this record, Briggs cannot establish that a misunderstanding of his criminal history score influenced his decision to enter a plea, and, therefore, does not provide good cause to withdraw that plea.

Briggs has not demonstrated an abuse of discretion in the district court's denial of his motion to withdraw his guilty plea to a level 4 aggravated battery.

*The criminal history classification of Briggs' 1982 juvenile burglary adjudication*

Briggs contends the district court erred in classifying his 1982 Kansas juvenile burglary adjudication as a person felony for criminal history purposes. The disposition of this issue is controlled by *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015), a case decided after the briefs were filed in this case.

It is not an impediment to our consideration of this issue that Briggs raises it for the first time on appeal. In *Dickey*, our Supreme Court determined that K.S.A. 22-3504(1) authorizes a legal challenge to the criminal history classification of a prior conviction for the first time on appeal. 301 Kan. at 1034. Whether a prior conviction was properly

classified as a person or nonperson crime for criminal history purposes raises a question of law subject to unlimited review. 301 Kan. 1018, Syl. ¶ 5.

Pursuant to *Dickey*, in order for Briggs' 1982 Kansas burglary adjudication to be classified as a person felony for criminal history purposes, the statute applicable to his 1982 adjudication would need to have burglary of a "dwelling" as one of its elements. 301 Kan. at 1039-40. K.S.A. 21-3715 (1981 Ensley) was the Kansas statute applicable to burglary in 1982. It did not include burglary of a "dwelling" within its elements. Accordingly, Briggs' 1982 burglary adjudication should have been classified as a nonperson felony. 301 Kan. at 1039-40.

Briggs' conviction is affirmed; his sentence is vacated and the case is remanded for resentencing.

Affirmed in part, vacated in part, and remanded for resentencing.