IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 110,277

STATE OF KANSAS,
*Appellee*,

v.

MARCUS D. REED,
*Appellant.*

SYLLABUS BY THE COURT

Registration for sex offenders mandated by the Kansas Offender Registration Act, K.S.A. 22-4901 *et seq.*, does not constitute punishment under the Ex Post Facto Clause of the United States Constitution.

Review of the judgment of the Court of Appeals in an unpublished opinion filed May 8, 2015. Appeal from Sedgwick District Court; JOHN J. KISNER, JR., judge. Opinion filed August 4, 2017. Judgment of the Court of Appeals affirming the district court is affirmed. Judgment of the district court is affirmed.

*Carol Longenecker Schmidt*, of Kansas Appellate Defender Office, was on the briefs for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, were on the brief for appellee.

1

The opinion of the court was delivered by

STEGALL, J.: At the time Marcus D. Reed was convicted of aggravated indecent liberties with a child, the Kansas Offender Registration Act (KORA), K.S.A. 22-4901 *et seq.*, required him to register for 10 years. Shortly before Reed's registration period terminated, the Kansas Legislature added a provision to KORA tolling the registration period of an offender who was imprisoned or noncompliant with KORA. During the 10 years following his conviction, Reed was noncompliant for at least 4 years and 2 months. As a result, his registration period was extended. During that extended period, Reed committed two additional offender registration violations.

Reed now contends that the retroactive imposition of this tolling provision violates the Ex Post Facto Clause of the United States Constitution. If he is correct, the tolling provision could not be applied to him and his registration requirement would have expired prior to his subsequent registration violations. However, based on our decision in *State v. Petersen-Beard*, 304 Kan. 192, 377 P.3d 1127 (2016), we hold that registration for sex offenders mandated by KORA does not constitute punishment under the Ex Post Facto Clause. Thus, we find that no ex post facto violation occurred and conclude that the tolling provision retroactively applies to Reed. As such, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

In December 1995, Marcus D. Reed was convicted in Cowley County District Court of aggravated indecent liberties with a child. Though the record is unclear about his sentence, it appears that Reed was placed on probation. As a result of his conviction, Reed was required to register as a sex offender for 10 years. See K.S.A. 1994 Supp. 22-4902(b)(3) (requiring registration for aggravated indecent liberties with a child); K.S.A. 1994 Supp. 22-4906(a) (providing for a first offense, an offender must register "for a

2

period of 10 years after conviction, or, if confined, for a period of 10 years after paroled, discharged or released"). On appeal, Reed has stipulated that during the 10-year period following his conviction, he did not comply with KORA's registration requirements for various periods of time, totaling about 4 years and 2 months.

Approximately 6 months before Reed's original registration period was set to expire, the Kansas Legislature amended KORA by adding a tolling provision for periods of noncompliance and incarceration. Effective July 1, 2005, House Bill 2314 added the following language to K.S.A. 22-4906(a)(1):

> "The ten-year period shall not apply to any person while the person is incarcerated in any jail or correctional facility. The ten-year registration requirement does not include any time period when any person who is required to register under this act knowingly or willfully fails to comply with the registration requirement." L. 2005, ch. 202, sec. 1.

In August 2009, Reed pled guilty to offender registration violations in Sedgwick County District Court that occurred in May and June 2008. In October 2009, the district court granted Reed's downward departure motions and sentenced him to 36 months' probation with an underlying 31-month prison sentence. Less than 1 year later, the court revoked his probation and imposed the underlying prison sentence.

Reed moved to withdraw his plea in October 2012, arguing that he was not required to register at the time of the alleged violations. Attached to his motion was an October 2011 order from the Cowley County District Court stating that, as a result of his original conviction, he was required to register for 10 years. It also ordered that "the Defendant be discharged from *further* registration requirements under [KORA]." (Emphasis added.)

3

Based on the Cowley County District Court's order, Reed argued that the Sedgwick County District Court lacked jurisdiction to convict him of failing to register in May and June 2008 because he had no duty to register at that time. He also asserted that if his attorney at the time would have advised him of this issue, he would not have pled guilty.

In June 2013, the Sedgwick County District Court held an evidentiary hearing on Reed's motion, during which an officer for the Offender Registration Unit at the Kansas Bureau of Investigation testified about Reed's periods of noncompliance during the 10-year period after his initial conviction. Reed did not present any evidence, but defense counsel argued, "It is our position that he did not have to register at the time that he was charged in this county, and the failure of his attorney to pursue that would rise to the grounds given here to manifest injustice." Reed's counsel made no ex post facto argument.

At the conclusion of the hearing, the district court denied the motion, finding no manifest injustice occurred and declining to rule on the timeliness of the motion. Citing the 4 years and 2 months that Reed did not comply with KORA, the court found that Reed's registration period was extended "until at least December 2009 and probably into the early part of 2010." The court therefore concluded that the May and June 2008 offender registration violations fell within the registration period and Reed could not establish manifest injustice permitting him to withdraw his plea.

Thereafter, Reed timely appealed the district court's decision, arguing for the first time that the retroactive application of the tolling provision in K.S.A. 22-4906(a) violates the Ex Post Facto Clause. Reed conceded that he did not raise this issue below, but he asked the Court of Appeals to consider the merits of his claim as one presenting only a determinative question of law arising on proved or admitted facts.

The Court of Appeals first held that because Reed "made no attempt to justify or explain why this constitutional issue was not raised below[,] . . . . we could decline to address the issue." *State v. Reed*, No. 110,277, 2015 WL 2342134, at *4 (Kan. App. 2015) (unpublished opinion). But "for the sake of argument," the court held that Reed's claim failed on the merits because (1) the 2008 version of KORA was nonpunitive and (2) Reed failed to demonstrate excusable neglect for his untimely motion to withdraw plea. 2015 WL 2342134, at *7-8. We granted Reed's petition for review.

ANALYSIS

In his petition for review, Reed recognizes the general rule that constitutional issues cannot be raised for the first time on appeal. See *State v. Thach*, 305 Kan. 72, 81, 378 P.3d 522 (2016) ("We generally decline to hear constitutional arguments raised for the first time on appeal."). The Court of Appeals followed the general rule and affirmed the district court's opinion on this ground. An appellate court exercises unlimited review over questions of preservation. *State v. Plummer*, 295 Kan. 156, 163, 283 P.3d 202 (2012).

We have recognized three exceptions to the general rule:

"(1) The newly asserted claim involves only a question of law arising on proved or admitted facts and is determinative of the case; (2) consideration of the claim is necessary to serve the ends of justice or to prevent the denial of fundamental rights; or (3) the party raising the issue asserts that the district court is right for the wrong reason." *State v. Swint*, 302 Kan. 326, 335, 352 P.3d 1014 (2015).

Reed has complied with Supreme Court Rule 6.02(a)(5) (2017 Kan. S. Ct. R. 34) by invoking the first exception. See *State v. Williams*, 298 Kan. 1075, 1085, 319 P.3d 528

5

(2014) (cautioning future litigants to comply with Rule 6.02); *State v. Godfrey*, 301 Kan. 1041, 1044, 350 P.3d 1068 (2015) (declining to address the merits of appellant's claim because appellant failed to explain why it was properly before the court). Since Reed's ex post facto challenge raises only a question of law arising on proved or admitted facts and is determinative of the case, and because the Court of Appeals addressed the merits in an alternative ruling, we will exercise our prudential judgment and consider the merits of his claim.

Reed moved to withdraw his plea about 3 years after his sentence was imposed, and he did not directly appeal his registration violation convictions. K.S.A. 2016 Supp. 22-3210(d)(2) states: "To correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw the plea." Courts in this state generally consider the three *Edgar* factors when judging whether a movant has established manifest injustice: "'(1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.'" *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014) (quoting *State v. Bricker*, 292 Kan. 239, 244, 252 P.3d 118 [2011]). "All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." *State v. Aguilar*, 290 Kan. 506, 513, 231 P.3d 563 (2010); see *State v. Glover*, 50 Kan. App. 2d 991, 996, 336 P.3d 875 (2014) ("[D]istrict courts may consider other relevant factors in order not to 'distort the concept of good cause.'").

Any post-sentence motion to withdraw a plea must be brought within 1 year of:

"(A) The final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction; or (B) the denial of a

6

petition for a writ of certiorari to the United States supreme court or issuance of such court's final order following the granting of such petition." K.S.A. 2016 Supp. 22-3210(e)(1).

The court may extend the time limit "only upon an additional, affirmative showing of excusable neglect by the defendant." K.S.A. 2016 Supp. 22-3210(e)(2). The movant, as the party seeking to extend the time limit, carries the burden to show excusable neglect. See *State v. Davisson*, 303 Kan. 1062, 1066, 370 P.3d 423 (2016).

This court will not reverse the district court's ruling on a motion to withdraw a plea after sentencing absent an abuse of discretion. *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). "A district court abuses its discretion if its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact." *State v. Moore*, 302 Kan. 685, 692, 357 P.3d 275 (2015). "The constitutionality of a statute is a question of law over which this court exercises plenary review." *Petersen-Beard*, 304 Kan. at 194.

Reed challenges retroactive application of the tolling provision found in K.S.A. 22-4906. Reed does not challenge the lower court's finding that if the amendments are applied retroactively, his registration period would have been extended at least 4 years, thereby bringing his 2008 registration violations within his applicable registration period.

In *Petersen-Beard*, we applied the intent-effects test and concluded lifetime sex offender registration does not constitute "punishment" for purposes of applying any provision of the federal Constitution. We therefore held that the 2011 version of KORA could not violate federal prohibitions against cruel and unusual punishment. See 304 Kan. at 208. We explained that "if KORA's lifetime sex offender registration requirement is punishment for either ex post facto or double jeopardy purposes, it must necessarily also

7

be punishment for Eighth Amendment purposes. The reverse would likewise be true." 304 Kan. at 196.

We now explicitly extend the holding of *Petersen-Beard* to apply to ex post facto challenges. Registration pursuant to KORA for sex offenders is not punishment. Accordingly, retroactive application of the tolling provision to extend Reed's registration period could not violate the Ex Post Facto Clause and does not constitute a manifest injustice. The district court did not abuse its discretion in denying Reed's motion to withdraw his plea.

Affirmed.

***

JOHNSON, J., dissenting: I dissent from the majority's result and reasoning.

In order to protect federal funds flowing into the State coffers, the legislature has continually amended KORA to add ever-increasing onerous registration rules and requirements, resulting "in its modern, maximally invasive, maximally pervasive, and infinitely more public incarnation." See *State v. Meredith*, 306 Kan. ____, ____ P.3d ____ (No. 110,520, this day decided), slip op. at 11 (Beier, J., dissenting). One has to question whether the legislative intent for KORA to function as a civil, regulatory scheme—detected in 1996 by *State v. Myers*, 260 Kan. 669, 681-87, 923 P.2d 1024, *cert. denied* 521 U.S. 1118 (1997)—has eroded, morphing into a punishment-for-pay scenario.

But regardless of intent, the punitive effect of the legislation is crystal clear. It continues to negate any civil, regulatory intent that one might deign to ascribe to the legislature, so that any new amendments to KORA cannot be constitutionally applied

8

retroactively. See *State v. Petersen-Beard*, 304 Kan. 192, 211-25, 377 P.3d 1127 (2016) (Johnson, J., dissenting). Accordingly, I stand by my view that KORA is punitive in effect for purposes of applying the Ex Post Facto Clause, as outlined in detail in the majority opinion in *Doe v. Thompson*, 304 Kan. 291, 373 P.3d 750 (2016), *overruled by Petersen-Beard*, 304 Kan. 192.

BEIER and ROSEN, JJ., join in the foregoing dissent.