NOT DESIGNATED FOR PUBLICATION

Nos. 125,121
125,122

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JOSHUA QUINN JONES,
*Appellant*.


MEMORANDUM OPINION

Appeal from Ford District Court; LAURA H. LEWIS, judge. Opinion filed October 14, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Joshua Quinn Jones appeals the revocation of his probation in two criminal cases. We consolidated these cases on appeal and granted Jones' unopposed motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2021, Jones entered no-contest pleas to a total of four felony offenses arising out of two cases—No. 21-CR-111 (Case 1) and No. 21-CR-543 (Case 2). Based on the sentencing recommendations of the parties, the district court ordered Jones to serve a

1

total controlling sentence of 17 months in prison on Case 1 and 30 months in prison on Case 2. He was released on probation to community corrections in both cases. The court ordered the controlling sentences in the two cases to run consecutive. Probation was conditioned on Jones completing out-patient drug treatment consistent with K.S.A. 2020 Supp. 21-6824.

About a month later, the State moved to revoke probation based on allegations from Jones' probation officer that Jones had discharged himself from treatment without authorization and had failed to report after leaving treatment as instructed. Jones also was charged with a new felony—possession of methamphetamine—in Ford County District Court case No. 21-CR-748 (Case 3). Jones admitted to the allegations within his probation officer's affidavit and waived his right to a hearing on the violations. He did not admit to commission of the new felony. His attorney asked for a "contested preliminary hearing" on the new charge. The court tabled disposition for another date.

On April 11, 2022, pursuant to a plea agreement between the parties, the court revoked Jones' probation in both cases. In Case 1, the court imposed the original controlling sentence of 17 months in prison. In Case 2, based on the State's recommendations, the court imposed a modified controlling sentence of 15 months in prison. The sentences imposed in each case ran concurrent, but the cases ran consecutive, for a controlling prison term of 32 months.

Jones filed a timely appeal.

ANALYSIS

Jones challenges the district court's revocation of his probation as an abuse of judicial discretion. Due process demands proof of a violation of a condition of probation to a preponderance of the evidence before a court may revoke probation. See *Gagnon v.*

2

*Scarpelli*, 411 U.S. 778, 784, 93 S. Ct. 1756, 36 L. Ed. 2d 656 (1973); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Once a district court finds a violation of the conditions of probation, the subsequent disposition of sentencing is within the district court's broad discretion. *Gagnon,* 411 U.S. at 784; *Skolaut*, 286 Kan. at 227-28.

Here Jones admitted to the violations of the conditions of his probation. He does not contend that those admissions were improperly coerced or otherwise involuntary. His admission fulfills the requirement that the proof of his violation must be supported by a preponderance of the evidence. Likewise, Jones entered a plea agreement with regards to the disposition of the case. In return for his admission to violating his probation, the State dismissed his new felony drug charge and recommended that his sentence in Case 2 be modified to half of the original sentence—relieving him of serving an additional 15 months in prison.

Judicial discretion is abused when its exercise steps outside the applicable legal framework, relies on facts that are unsupported by substantial competent evidence, or constitutes arbitrary, capricious, or unreasonable conduct—meaning no reasonable person in the court's position would have made the same decision. *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1191 (2014). Jones bears the burden of establishing the court's exercise of discretion constituted an abuse. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009). He does not point to any specific legal or factual error in his request for summary disposition. An issue not briefed is deemed waived or abandoned. *State v. Arnett*, 307 Kan. 648, 650, 413 P.3d 787 (2018). That leaves us with the reasonableness of the court's decision. Given that the court adopted a plea agreement that was freely and voluntarily entered by the parties regarding disposition of Jones' three pending cases, we find that a reasonable person would have made the same decision as the district court.

Affirmed.