NOT DESIGNATED FOR PUBLICATION

No. 124,552

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLEO L. HALL,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; SETH L. RUNDLE, judge. Opinion filed October 21, 2022. Affirmed.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., GREEN and MALONE, JJ.


PER CURIAM: Cleo Hall appeals from the district court's decision to revoke his probation and impose the underlying prison sentence. He argues the district court abused its discretion in refusing to modify his sentence because of his ongoing mental health and addiction issues. Finding no abuse of discretion, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In January 2020, Cleo Hall entered a guilty plea to one count each of cocaine possession, marijuana possession, and driving while his license was suspended. The terms of the plea agreement included that the parties would jointly recommend (1) the sentences imposed to run concurrent with one another; (2) for the court to impose the high number on the applicable grid box for the felony and six months in jail on the misdemeanors; and (3) a dispositional departure from presumptive prison to probation based on Hall's criminal history and willingness to enter a treatment program.

The district court sentenced Hall consistent with the plea agreement. Based on his criminal history score, the court imposed a controlling underlying sentence of 42 months' imprisonment on the felony possession of cocaine charge, concurrent sentences of 6 months each for the two misdemeanor charges, and granted a dispositional departure to 12 months of probation. As support for the departure, the court found substantial and compelling circumstances based on the agreement of the parties, the age of Hall's prior convictions, and Hall's willingness to participate in treatment.

Just two months later, the district court issued a probation violation warrant alleging Hall had violated his probation by refusing to submit to a drug test and failing to provide proof of attending drug or alcohol treatment. A few months later, the State filed a second warrant alleging more probation violations based on his admission to consuming alcohol and an allegation that he tested positive for cocaine, methamphetamines, and amphetamines. The district court held a hearing on the alleged violations and found the State met its burden of proof for most of the alleged violations. As a result, the court ordered Hall to serve a 30-day jail sanction and extended his probation for another 12 months.

In June 2021, the State filed a third warrant alleging Hall had violated his probation by failing to report as directed and committing three new offenses, including petit theft, battery of a law enforcement officer, and interference with law enforcement. At a hearing in July 2021, Hall admitted to the violations and the court imposed a 3-day jail sanction and extended probation for 12 months.

Just a few months later, the State filed a fourth warrant alleging Hall had violated his probation by failing to report, testing positive for cocaine and alcohol, being noncompliant with medication management, failing to provide proof of attending drug or alcohol treatment, and failing to pay court costs. Hall admitted to these violations. Hall's defense counsel argued that a reasonable alternative to "warehousing" Hall in prison by requiring him to serve his underlying sentence would be placing Hall in a residential care facility to address his mental health issues. The State acknowledged discussing this option with defense counsel, yet it agreed the probation officer's recommendation to revoke probation and order Hall to serve his underlying sentence was not inappropriate. The State also noted that Hall's mental health was "quite a barrier to him being successful on probation."

The district court decided to revoke Hall's probation and impose the underlying prison sentence, explaining that Hall was "not amenable" to probation because his previous violations showed he was "either unwilling or unable to remain in treatment." After the court announced it was revoking probation, Hall's defense counsel asked the court to consider reducing the sentence "due to Mr. Hall's mental health status and the fact that it was a high number that was imposed." The State said it would defer to the court's discretion. The court declined to modify Hall's sentence, explaining:

> "Well, I understand the argument about warehousing, but based on criminal
> history and what's going on here in probation, I'm not sure that I really have any other

3

choice besides the warehousing option. So the motion to modify sentence is denied. The sentence is imposed as it was ordered at the time of sentencing."

Hall timely appealed.

ANALYSIS

The only issue Hall raises on appeal is whether the district court abused its discretion in declining to modify his underlying sentence.

Upon revoking a defendant's probation, a district court may require a defendant to serve the sentence imposed or any lesser sentence. K.S.A. 2017 Supp. 22-3716(c)(1)(E). Appellate courts review a district court's decision of whether to impose a lesser sentence under an abuse of discretion standard. *State v. Reeves*, 54 Kan. App. 2d 644, 648, 403 P.3d 655 (2017). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). To find the court's actions unreasonable, we must conclude that no reasonable person in the court's position would have made the same decision. *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). Hall bears the burden of showing such abuse of discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Hall does not claim that the court's refusal to modify his sentence stemmed from an error of law or fact. Instead, he rests his claim on the reasonableness of the court's decision. As support, he reiterates the arguments made at the revocation hearing about his struggles with mental health and how "'warehousing'" him in prison for a long period was not the best outcome for himself or the public to address those concerns. Stated more bluntly, Hall argues that "[p]rison should not simply be a place where we place people

4

whose struggles on probation are simply related to their mental health or drug and alcohol addictions." These arguments are not persuasive.

As the State aptly points out, full consideration of the district court's actions preceding its decision to revoke Hall's probation and impose the underlying sentence makes clear that the court did not abuse its discretion in this case. To start, the court followed the terms of the plea agreement and granted a dispositional departure, mentioning Hall's willingness to participate in treatment as a basis for placing him on probation. It bears mentioning that Hall specifically agreed to recommend the court impose the high number in the applicable grid box for the felony cocaine possession charge—which led to the court imposing a 42-month sentence based on Hall's criminal history score.

The record also shows that the district court repeatedly showed leniency and empathy for Hall's circumstances by imposing sanctions and reinstating probation, despite Hall admitting to violating probation several times. Hall suggests the court ignored the positive progress he made on treatment but ignores that several of his violations related to continuing to abuse drugs and alcohol and failing to provide proof of attending treatment programs. Hall's statements about "warehousing" individuals with mental health issues in prison are merely policy arguments, and they do not make the district court's decision to impose the original sentence unreasonable. Based on the totality of the evidence presented, we find that a reasonable person in the court's position would have made the same decision. As a result, we find that the district court did not abuse its discretion in declining to modify Hall's underlying sentence upon revoking his probation.

Affirmed.