NOT DESIGNATED FOR PUBLICATION

No. 124,155

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

SHARMUS DARCEL EVANS,
*Appellant*.


MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY P. MCCARTHY, judge. Opinion filed October 21, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Sharmus Darcel Evans appeals the revocation of his probation and imposition of his underlying prison sentence. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not file a response. Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In September 2016, Evans was charged with aggravated assault, a felony, and domestic violence, a misdemeanor, for wielding a knife and threatening his stepfather. Based on his criminal history, Evans faced a presumptive prison sentence on the felony. He entered into a plea agreement with the State. He agreed to plead guilty to the

1

aggravated assault charge and the State agreed to dismiss the domestic battery charge. The State also agreed to recommend a downward dispositional departure to probation. In January 2017, the district court followed the plea agreement and sentenced Evans to 34 months' imprisonment but granted him 24 months' probation. As part of the plea agreement, Evans waived his right to graduated sanctions under K.S.A. 2016 Supp. 22-3716(c).

In October 2018, the district court conducted a hearing on the State's motion to revoke Evans' probation. Evans stipulated he had violated the terms of his probation by driving on a suspended license and testing positive for methamphetamine. The district court imposed a two-day jail sanction and extended Evans' probation for six months.

In July 2019, the district court held a hearing on the State's second motion to revoke Evans' probation. Evans stipulated he had violated the terms of his probation by using methamphetamine. The district court extended Evans' probation for six months.

In January 2020, the district court conducted another probation violation hearing, in which Evans again stipulated he had violated the terms of his probation for his failure to report, his failure to pay fines, his failure to obtain a substance abuse evaluation, and missing drug tests. The district court imposed a 60-day jail sanction and explained this was Evans' last chance before serving his underlying prison sentence. The district court extended Evans' probation for 12 months.

Evans was released from his 60-day sanction in March 2020, the beginning of the COVID-19 pandemic. At that time, he was homeless and left Kansas without notifying his probation officer to live with a friend in Florida, thus absconding from his probation commitments in Kansas. He failed to report, failed to pay costs, and failed to obtain a substance abuse evaluation or complete treatment, and did not submit to drug tests. In June 2021, the district court held another hearing on the State's fourth motion to revoke

2

Evans' probation. Evans again stipulated he had violated the terms of his probation. The district court revoked Evans' probation and imposed his underlying prison sentence of 34 months.

Evans timely appealed.

ANALYSIS

Evans argues that the district court abused its discretion in revoking his probation because it did not adequately consider unique circumstances around the COVID-19 pandemic. Evans acknowledged the district court considered the unique circumstances but contends it did not account for such circumstances in its decision.

Once the district court has determined the defendant has violated the terms of probation, the decision to revoke probation lies in the discretion of the district court, subject to statutory limitations. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Judicial discretion is abused when its exercise steps outside the applicable legal framework, relies on facts that are unsupported by substantial competent evidence, or constitutes arbitrary, capricious, or unreasonable conduct—meaning no reasonable person in the court's position would have made the same decision. See *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). Evans bears the burden of establishing that the court's exercise of discretion constituted an abuse. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009).

Here, the district court made no error of law or fact. That leaves us with the reasonableness of the court's decision.

Evans appeared before the district court four separate times for probation violation hearings. Each time Evans stipulated he had violated the terms of his probation. Even

3

though it was not required to do so, the district court imposed two intermediate sanctions under K.S.A. 2016 Supp. 22-3716(c)(1)(B) and (c)(11) of 2 days and 60 days respectively and extended his probation several times. The district court was within its statutory authority and sound discretion to revoke Evans' probation and impose his underlying prison sentence. In addition, we have no hesitation finding that a reasonable person would have made the same decision as the district court.

Affirmed.