NOT DESIGNATED FOR PUBLICATION

No. 125,036

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ANTONIO JOSEPH RODRIGUEZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed October 28, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Antonio Rodriguez appeals the revocation of his probation. We granted Rodriguez' motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Finding no abuse of discretion by the district court, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In October 2019, the State charged Rodriguez with criminal possession of a firearm. Rodriguez pled no contest to the crime as charged, and the district court sentenced Rodriguez to serve 10 months in prison but released him on probation for 18 months.

1

Three months later he admitted to violating his probation by using methamphetamine and marijuana. He agreed to serve three days in jail as a sanction for the violation. Over the next few months Rodriguez continued to struggle with his probation compliance. He continued to use marijuana and methamphetamine and failed to report as directed to his probation officer. Then in November 2020, Rodriguez committed the felonies of distribution of methamphetamine, aggravated assault on a law enforcement officer, and fleeing or eluding in Geary County. In response to the State's motion to revoke Rodriguez' probation, he admitted to the violations. The district court revoked Rodriguez' probation and ordered that he serve his underlying sentence. The court noted Rodriguez' use of illegal substances, failure to report, and—most significantly—the new convictions in Geary County District Court involving person felonies. Rodriguez timely filed a notice of appeal.

ANALYSIS

A district court's decision to revoke probation involves two steps: (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination of the appropriate disposition given the proved violations. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Once a probation violation is established, a district court may revoke probation and impose the probationer's underlying sentence unless it is required by statute to impose an intermediate sanction. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 2019 Supp. 22-3716 (requiring graduated sanctions before revocation in some cases). Here the district court did not have to impose an intermediate sanction before revoking Rodriguez' probation because he had committed new felonies. K.S.A. 2019 Supp. 22-3716(c)(7)(C).

A court abuses its discretion when it steps outside the applicable legal framework, relies on facts unsupported by substantial competent evidence, or constitutes arbitrary, capricious, or unreasonable conduct—meaning no reasonable person in the court's

position would have made the same decision. See *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). Rodriguez bears the burden of establishing the court's exercise of discretion constituted an abuse. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009).

Rodriguez does not contest that the probation violations occurred, so we next examine whether the district court abused its discretion in deciding to revoke Rodriguez' probation. We have no hesitancy in finding it did not. Rodriguez violated the conditions of his probation multiple times by using illegal drugs, failing to report, and continuing to violate the law by committing additional felonies while on probation. Although he was granted probation for 18 months, he committed serious crimes just 6 months after the court granted his request for probation. A reasonable person could agree with the district court's decision to revoke Rodriguez' probation. As a result, the court did not abuse its discretion.

Affirmed.