NOT DESIGNATED FOR PUBLICATION

No. 125,028

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DAVID A. LLAMAS,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID J. KAUFMAN, judge. Opinion filed November 4, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: David A. Llamas appeals the district court's revocation of his probation and imposition of a modified prison sentence. We granted Llamas' motion for summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). After reviewing the record, we find no error and affirm.

FACTUAL AND PROCEDURAL HISTORY

In April 2021, Llamas pleaded guilty to criminal possession of a weapon by a convicted felon. At sentencing, the district court sentenced Llamas to 18 months in prison but released him on probation for a term of 18 months.

1

In December 2021, Llamas' intensive supervision officer filed a warrant alleging that Llamas had violated several terms and conditions of his probation. Llamas admitted to committing three probation violations: (1) providing a urine sample that was confirmed positive for methamphetamines; (2) committing the new offense of driving while suspended; and (3) violating his curfew. The district court revoked Llamas' probation and imposed a modified sentence of nine months in prison.

Llamas timely appealed the revocation of his probation.

ANALYSIS

The State must establish that the probationer violated the terms of probation by a preponderance of the evidence—or that the violation is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Appellate courts review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Here, Llamas does not challenge the court's finding that he violated his probation, in fact he agreed that he had.

Once a probation violation has been established, the district court has discretion to revoke probation and impose the underlying sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 2021 Supp. 22-3716 (requiring graduated sanctions before revocation in some cases). Here the district court did not have to impose an intermediate sanction before revoking Llamas' probation because Llamas admitted that he committed a new felony or misdemeanor while on probation. K.S.A. 2021 Supp. 22-3716(c)(7)(C); see *State v. Brown*, 51 Kan. App. 2d 876, 880, 357 P.3d 296 (2015) (explaining that "the district court need not first impose an intermediate sanction when the offender commits a new felony or misdemeanor while on probation").

2

Appellate courts review "the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." *Tafolla*, 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

Llamas does not assert that the district court made an error of law or fact, so we must review whether the court's decision was arbitrary, fanciful, or unreasonable, meaning that no reasonable person in the court's position would have made the same decision. See *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). Llamas bears the burden of establishing that the district court abused its discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Llamas fails to meet his burden. Llamas' sole reason he thinks the decision was unreasonable is that he was planning "to enter inpatient treatment the day of the probation violation hearing." But given the fact that he continued to violate the law, use drugs, and violate his curfew all in less than six months after being placed on probation, a reasonable person could agree with the district court's decision to revoke Llamas' probation. As a result, the court did not abuse its discretion.

Affirmed.