NOT DESIGNATED FOR PUBLICATION

No. 124,463

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LETICIA MARIE CARRILLO,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; JOSEPH L. MCCARVILLE III, judge. Opinion filed November 4, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: After Leticia Marie Carrillo pleaded guilty to aggravated indecent liberties with a child, the district court granted her a dispositional departure sentence of 59 months of imprisonment but suspended the sentence and imposed 36 months of probation. The State moved to revoke Carrillo's probation, and after a hearing, the district court revoked her probation and sentenced her to her original sentence.

Carrillo appeals and argues that the district court abused its discretion in revoking probation and imposing the original sentence. We granted Carrillo's motion for summary disposition in lieu of briefs pursuant to Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). Based on our review of the record, we do not find that the district court abused its discretion in revoking Carrillo's probation. Thus, we affirm.

1

On November 15, 2019, Leticia Carrillo was charged with aggravated indecent liberties with a child under K.S.A. 2019 Supp. 21-5506(b)(1). Ultimately, Carrillo pled guilty.

Before her sentencing hearing, Carrillo moved the court to impose a dispositional departure sentence. She argued: (1) she accepted responsibility; (2) she was relatively young and capable of rehabilitation; (3) she participated fully and openly in a sexual offender evaluation; (4) the victim in the case was a willing participant; (5) the harm done was less than typical for this offense; and (6) she had a one-month-old baby that she was breastfeeding. Additionally, Carrillo noted that she has below average functioning, she did not appear to need sex offense specific treatment, and she had a mental health plan set for the future.

At the sentencing hearing, the district court granted the motion for departure sentence for all the reasons listed in Carrillo's motion. Ultimately, the district court sentenced her to 59 months of imprisonment but suspended the sentence and released her on 36 months of probation, along with a lifetime postrelease supervision term.

Over the course of the next year, Carrillo violated her probation conditions numerous times. Within a month after being sentenced to probation, Carrillo did not return to Reno County as directed, and was not at home for a scheduled home visit with her intensive supervision officer (ISO). Two months later, Carrillo tested positive for methamphetamine, and admitted that her last prior use occurred in January 2021. The next month, Carrillo failed to report to her ISO as directed. Also, that month, Carrillo tested positive for methamphetamine, and admitted to last using a few days before. The next month, Carrillo failed to attend outpatient treatment, and failed to give a urine sample for analysis as directed. On three occasions over a period of three months in 2021,

Carrillo failed to report to her ISO as directed. Likewise, in June 2021, Carrillo failed to attend outpatient treatment. Carrillo admitted these violations and accepted a sanction of three days in a county detention center in July 2021.

Shortly after serving this time, however, in July 2021, Carrillo tested positive for methamphetamine and admitted to last using a few days before. The next month, Carrillo tested positive for methamphetamine and admitted to using again. Aside from this, Carrillo failed to report to her ISO and failed to report for her drug and alcohol evaluation. The State argued that Carrillo violated the conditions of her intensive supervision contract. The State further alleged that Carrillo failed to attend outpatient treatment.

On August 10, 2021, the State moved to revoke Carrillo's probation, citing all of the above reasons in the motion and asking that she be required to serve her underlying prison sentence. At the probation revocation hearing, Carrillo admitted all but two allegations made by the State. Carrillo stated she was "confused" by both the drug and alcohol evaluation allegation and the failure to attend outpatient treatment allegation.

The district court held two more hearings in September 2021, on the matter of probation revocation. There, Carrillo asserted that she had "never pretended that [she was] not in violation of her probation." At the time of these hearings, Carrillo was eight months pregnant and allegedly using methamphetamine. Moreover, Carrillo's counsel argued that Carrillo did not have normal intellectual ability. Ultimately, the district court decided that neither drugs nor intellectual disability was the true problem. Instead, the district court believed the real problem was Carrillo's inability to follow the rules. The district court said,

> "She doesn't believe in our rules. She doesn't tell the truth. She doesn't report. She can't be on Community Corrections because the two things that you absolutely have

3

to do is you have to be showing up and reporting and you have to tell the truth to your Community Corrections officer. She didn't tell her the truth about where she's going or she didn't tell the truth about using drugs."

As a result, the district court revoked Carrillo's probation, and ordered her to serve her original underlying prison sentence. Carrillo timely appeals.

ANALYSIS

The State must establish that the probationer violated the terms of probation by a preponderance of the evidence—or that the violation is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Appellate courts review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Here, Carrillo does not challenge the court's finding that she violated her probation, in fact she agreed that she had.

Once a probation violation is established, a district court may revoke probation and impose the probationer's underlying jail term unless it is required by statute to impose an intermediate sanction. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 2021 Supp. 22-3716 (requiring graduated sanctions before revocation in some cases). Here the district court did not have to impose an intermediate sanction before revoking Carrillo's probation because the probation was originally granted as the result of a dispositional departure. K.S.A. 2021 Supp. 22-3716(c)(7)(B).

Appellate courts review "the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). The party asserting the district court abused its discretion

bears the burden of showing such abuse of discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021). Carrillo does not assert that the district court made an error of law or fact, so we must review whether the court's decision was arbitrary, fanciful, or unreasonable, meaning that no reasonable person in the court's position would have made the same decision. See *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). Carrillo bears the burden of establishing the court's exercise of discretion constituted an abuse. See *State v. Wells*, 289 Kan. 1219, 1227, 221 P.3d 561 (2009).

After Carrillo admitted several allegations in the State's motion to revoke probation, the district court revoked her probation and ordered her to serve the underlying prison sentence. Carrillo argues that the district court abused its discretion because: (1) her functioning level impacted her understanding of the terms of probation; (2) she was 32 weeks pregnant; and (3) she had set up a mechanism for receiving inpatient treatment. Carrillo has failed to prove that the district court abused its discretion. See K.S.A. 2021 Supp. 22-3716(c). But the district court determined that, based on her continuous drug use, extensive list of probation violations, and lack of consistency, Carrillo lacked respect for rules. This is a reasonable conclusion to draw based on Carrillo's admissions to using methamphetamine several times, failing to attend certain meetings, and failing to remain in the appropriate county.

A reasonable person could agree with the district court's decision to revoke Carrillo's probation. As a result, the court did not abuse its discretion.

Affirmed.