NOT DESIGNATED FOR PUBLICATION

No. 125,208

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ELENA NICOLE MUNOZ,
*Appellant*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; NANCY E. PARRISH, judge. Opinion filed February 17, 2023. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2022 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., BRUNS and ISHERWOOD, JJ.

PER CURIAM: Elena Nicole Munoz appeals the district court's revocation of her probation and imposition of her underlying sentence. We granted Munoz' motion for summary disposition pursuant to Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State did not contest the motion. After a review of the record, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In 2019, Munoz pled guilty to one count of forgery and one count of interference with a law enforcement officer. The district court sentenced Munoz to 8 months' imprisonment with a consecutive 6-month jail term but granted a term of probation of 18 months.

1

Munoz admitted to violating the terms of her probation about seven months after sentencing. The district court ordered Munoz to serve a three-day quick dip and reaffirmed the conditions of her probation.

Four months later, and nearly one year after sentencing, Munoz admitted to violating the terms of her probation by committing a new crime while on probation and failing to report. The district court revoked Munoz' probation and ordered her to serve a modified sentence of eight months' imprisonment.

Munoz appeals arguing the district court abused its discretion by unreasonably denying her request for a 60-day jail sanction and reinstatement of her probation.

ANALYSIS

Once a probation violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020); *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). A district court abuses its discretion if it bases its decision on legal or factual errors or if no reasonable person would agree with its decision. *State v. Ballou*, 310 Kan. 591, 615, 448 P.3d 479 (2019). Munoz bears the burden to show an abuse of discretion by the district court. See *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

Under K.S.A. 2018 Supp. 22-3716(c), the district court may revoke an offender's probation after the offender has received certain jail sanctions or if the court finds an exception to the intermediate sanctioning scheme. One of the exceptions permits the court to revoke probation without having previously imposed a sanction if the court finds that the offender committed a new felony or misdemeanor while on probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A).

2

Once a probation violation and an exception to the intermediate sanction requirement are established, the district court has discretion to determine whether to continue the probation or to revoke and require the offender to serve the underlying sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015).

There is no dispute that the district court had the legal authority to revoke Munoz' probation because she admitted to committing a new offense while serving a term of probation. See K.S.A. 2018 Supp. 22-3716(c)(8)(A) (authorizing courts to revoke an offender's probation without imposing intermediate sanctions if "the offender commits a new felony or misdemeanor while the offender is on probation"). Likewise, because Munoz stipulated that she violated her probation by committing a new offense, there was no factual error.

So we are left to decide whether the court's decision was arbitrary, fanciful, or unreasonable, meaning that no reasonable person in the court's position would have made the same decision. See *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). Munoz bears the burden of establishing that the district court abused its discretion. See *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Here, Munoz sought reinstatement so she could address her drug addiction through treatment. She relayed through her attorney that she had been using methamphetamine since she was 13 years old. She was 30 at the time of the revocation hearing. But the district court noted that she had already pled to distribution of methamphetamine in another division and possession of methamphetamine and interference with a law enforcement officer in yet another—crimes she committed while on probation. Because of that she faced presumptive prison of roughly 80 months on both cases combined. So even if the court reinstated probation, her attorney indicated she would not be released. In addition, although given the chance, Munoz had *never* reported to her probation officer since the day she was originally sentenced, showing an unwillingness to comply with the

3

terms of her probation unrelated to her addiction. The court did modify her sentence to a total of eight months, cutting six months off her sentence.

We find a reasonable person could reach the same conclusion as the district judge given the facts and circumstances presented to them. Accordingly, the district court did not abuse its discretion and its decision is affirmed.

Affirmed.