NOT DESIGNATED FOR PUBLICATION

Nos. 126,033
126,034

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ROY A. SHAW,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed January 5, 2024. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2022 Supp. 21-6820(g) and (h).

Before CLINE, P.J., WARNER and PICKERING, JJ.

PICKERING, J.: Roy A. Shaw timely appeals the revocation of his probation in two criminal matters. We granted Shaw's motion for summary disposition of his appeal under Supreme Court Rule 7.041A (2023 Kan. S. Ct. R. at 48). The State responded and did not object to Shaw's motion for summary disposition. Finding no abuse of discretion by the district court, we affirm.

In March 2021, Shaw pled guilty in Sedgwick County District Court to two counts of theft after a prior conviction in case No. 20CR1740 and seven counts of theft after a prior conviction in case No. 20CR1749. Shaw's convictions were all severity level 9

1

nonperson felonies. The sentencing court sentenced Shaw to a combined presumptive 52-month prison sentence but granted a dispositional departure of 12 months of probation.

In August 2021, the district court held a probation violation hearing. Shaw admitted to violating probation by failing to report to the work release program as directed, leading to issuance of a warrant. The State revealed that Shaw was on work release due to fleeing and eluding officers in May 2021, though those charges had not yet been filed. The court extended Shaw's probation and ordered him to serve a 78-day jail sanction.

In September 2022, under a plea agreement with the State, Shaw pled guilty to fleeing or attempting to elude an officer, a severity level 9 person felony, in a third case, case No. 21CR2531. The State dismissed the remaining charges. Shaw had entered into the plea agreement with the understanding that the State would dismiss the remaining counts in his third case; he would admit to violating his probation in case Nos. 20CR1740 and 20CR1749; and the State would recommend revoking probation and imposing the underlying prison sentences. Later, at that same hearing, Shaw waived his right to a probation violation hearing and admitted that in October 2021, he had committed a new offense of theft and violated a no-contact order. The district court found Shaw in violation of his probation and scheduled a dispositional hearing.

On January 10, 2023, the district court revoked Shaw's probation in both cases because he committed new crimes and because it had granted a dispositional departure when it gave him probation. Shaw timely appeals.

A district court's decision to revoke probation involves two steps:  (1) a factual determination that the probationer has violated a condition of probation; and (2) a discretionary determination of the appropriate disposition given the proved violations. *State v. Skolaut*, 286 Kan. 219, 227, 182 P.3d 1231 (2008). Here, Shaw admitted he

violated a condition of probation by committing new crimes and does not contradict that admission on appeal.

Once a probation violation is established, a district court may revoke probation and impose the probationer's underlying sentence unless the court is required by statute to impose an intermediate sanction. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 2022 Supp. 22-3716(c)(1) (requiring graduated sanctions before revocation in some cases). In this matter, the district court was not required to impose an intermediate sanction before revoking Shaw's probation because he had been granted a dispositional departure and committed new crimes while on probation. See K.S.A. 2022 Supp. 22-3716(c)(7)(B) and (C).

Once a probation violation and an exception to the intermediate sanctions requirement are established, the district court has discretion in determining whether to continue the probation or to revoke and require the defendant to serve the underlying prison sentence. See *State v. Brown*, 51 Kan. App. 2d 876, 879-80, 357 P.3d 296 (2015). A court abuses its discretion when it steps outside the applicable legal framework; relies on facts unsupported by substantial competent evidence; or constitutes arbitrary, capricious, or unreasonable conduct—meaning no reasonable person in the court's position would have made the same decision. *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014).

By Shaw's January 2023 probation revocation hearing, he had violated probation at least twice by failing to report to a work release program a few months after he was granted probation and by committing new crimes. Considering Shaw's difficulties in remaining compliant with his probation requirements and remaining law-abiding, we find that a reasonable person could agree with the district court's decision to revoke Shaw's probation. The district court did not abuse its discretion.

3

Affirmed.