NOT DESIGNATED FOR PUBLICATION

No. 124,865

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

GENE OCELOT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; DAVID L. DAHL, judge. Opinion filed November 10, 2022. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 2021 Supp. 21-6820(g) and (h).

Before ARNOLD-BURGER, C.J., GARDNER and CLINE, JJ.

PER CURIAM: Gene Ocelot appeals the district court's revocation of his probation. We granted Ocelot's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48). The State filed a response but did not contest Ocelot's motion. After reviewing the record, we affirm.

FACTUAL AND PROCEDURAL HISTORY

In June 2021, Ocelot pleaded guilty to one count of felony domestic battery committed in June 2020. Accepting the parties' recommendations as defined in their plea agreement, the district court imposed a 12-month jail sentence and ordered Ocelot to serve 90 days in jail but granted Ocelot 12 months' probation following the 90-day term.

1

In December 2021, the State filed a warrant, alleging Ocelot violated the terms of his probation by failing to obey the law and by committing a new offense—another domestic battery. The State's warrant referenced the related police report of the incident and relied on its factual account as support for the State's allegations.

Before proceeding to a hearing on the State's claim, the parties agreed that the State would amend the crime alleged in its warrant to disorderly conduct. Ocelot agreed to not deny the amended charge.

Ocelot waived his right to a probation violation hearing and did not contest the State's allegations. The State requested revocation. Ocelot asked that his probation be reinstated.

The district court ultimately revoked Ocelot's probation, finding that the commission of a new offense while on probation was sufficient to revoke his probation. The court also noted that not only did Ocelot commit this offense while on probation for domestic battery—after having previously committed other similar crimes—but he also had several pending cases for stalking and violation of a protective order with different victims. The court ordered Ocelot to serve his previously imposed 12-month jail sentence.

ANALYSIS

Ocelot timely appeals, arguing the district court abused its discretion by denying his request for reinstatement and instead revoking his probation. Ocelot contends that absent this violation, his actions while on probation show that he could successfully complete probation, while also continuing to support his family, if given a second chance.

The State must establish that the probationer violated the terms of probation by a preponderance of the evidence—or that the violation is more probably true than not true. *State v. Lloyd*, 52 Kan. App. 2d 780, 782, 375 P.3d 1013 (2016). Appellate courts review the district court's factual findings for substantial competent evidence. *State v. Inkelaar*, 38 Kan. App. 2d 312, 315, 164 P.3d 844 (2007). Here, Ocelot does not challenge the court's finding that he violated his probation, in fact he agreed that he had.

Once a probation violation has been established, the district court has discretion to revoke probation and impose the underlying sentence unless otherwise limited by statute. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022); see K.S.A. 2019 Supp. 22-3716(b) and (c) (requiring graduated sanctions before revocation in some cases). Here the district court did not have to impose an intermediate sanction before revoking Ocelot's probation because Ocelot admitted that he committed a new felony or misdemeanor while on probation. See K.S.A. 2019 Supp. 22-3716(b)(3)(B)(iii) and (c)(7)(C).

So next we turn to a review of the sanction imposed for violating probation. Appellate courts review "the propriety of the sanction for a probation violation imposed by the district court for an abuse of discretion." *Tafolla*, 315 Kan. at 328. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

Ocelot does not assert that the district court made an error of law or fact, so we must review whether the court's decision was arbitrary, fanciful, or unreasonable, meaning that no reasonable person in the court's position would have made the same decision. See *State v. Miles*, 300 Kan. 1065, 1066, 337 P.3d 1291 (2014). Ocelot bears the burden of establishing that the district court abused its discretion. *State v. Crosby*, 312 Kan. 630, 635, 479 P.3d 167 (2021).

Ocelot fails to meet his burden.

Before the district court Ocelot argued that his probation should not be revoked because

1. This was his first probation violation in this case.
2. He had a job.
3. He was a part-time caregiver for his mother who has serious medical conditions.
4. He has other family members with serious medical conditions that he wanted to be able to see.
5. He has four children that need him.
6. He would complete batterer's intervention, counseling, and obtain a mental health evaluation if released.

The district court considered the reasons set forth by Ocelot. The judge noted that he believed Ocelot to be genuinely repentant. But the district judge found that given Ocelot's history of domestic battery, his conviction for disorderly conduct while on probation, and the number of cases he had pending in various jurisdictions regarding similar conduct, i.e., stalking and violation of protective orders, revocation was appropriate.

We do not engage in reweighing of evidence. See *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011). We find a reasonable person could reach the same conclusion as the district judge given the facts and circumstances presented to them.

Affirmed.